|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ANANT N. MAUSKAR, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:07-CV-262 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anant N. Mauskar, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged the constitutionality of a prison disciplinary conviction for engaging in, or encouraging, a group demonstration.

The court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Citing *August v. Payne*, 46 Fed.Appx. 732, 2002 WL 1973866, at *2 (5th Cir. Aug. 7, 2002), the magistrate judge found that petitioner did not have fair notice that drafting, circulating, and signing a petition could subject him to punishment. The magistrate judge recommended granting the petition, expunging the disciplinary action from petitioner's record, and restoring the forfeited good time credits.

The parties did not object to the Report and Recommendation of United States Magistrate Judge, but respondent requested that the petition be dismissed as moot. The documents supporting respondent's request, a computer printout and a declaration from the Attorney-Advisor for the

Federal Bureau of Prisons, reflect that the disciplinary case has been expunged from petitioner's record, and his good time credits have been restored.

The United States Constitution prohibits federal courts from issuing advisory opinions. *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). Article III of the Constitution requires that federal courts hear only cases or controversies. U.S. CONST. art. III, § 2. A moot case does not present a case or controversy because there are no longer adverse parties with sufficient legal interests to maintain the litigation. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

This petition is moot because petitioner has received the relief he requested. The court is justified in presuming that the Bureau of Prisons is acting in good faith, and will not reinstate the disciplinary conviction once the petition is dismissed as moot. *See Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("Although . . . a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."), *petition for cert. filed*, 77 U.S.L.W. 3657 (May 22, 2009). It is accordingly

**ORDERED** that respondent's motion to dismiss the petition as moot is **GRANTED**. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SIGNED at Beaumont, Texas, this 3rd day of November, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE